UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN W. CASSADAY,

               Plaintiff,

v.

FOOD & DRUG ADMINISTRATION,

               Defendant.

_____/

Case No. 1:22-cv-558

Honorable Gordon J. Quist

## OPINION

       This is an action brought by a pretrial detainee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

## Discussion

### I.    Factual allegations

       Plaintiff is presently detained at the Newaygo County Jail pending trial. Plaintiff sues the United States Food and Drug Administration (FDA). Plaintiff alleges:

       COVID-19 was an orchestrated event to manipulate society into getting a U.S. Gov. [vaccine] into workers['] arms to keep workers on the job & bribe companies,

hospitals, doctors for the U.S. 45th President's reelection. The [vaccines] are synthetic code that allegedly alters the [recipient's] DNA.

(Compl., ECF No. 1, PageID.2.) Plaintiff asks the Court to order "Pfizer, Moderna, J&J . . . & whoever else is involved" to "cease and desist" because "this has created a ripple in time, & a stain on Americans, all for politics as that is the only way Republicans can get votes, by fearmongering society in false narrative." (*Id.*, PageID.3.)

## II. *In forma pauperis* **status**

Plaintiff has sought leave to proceed *in forma pauperis*. (ECF No. 2.) But Plaintiff has not complied with the requirements of 28 U.S.C. § 1915(a) regarding a certified trust account statement. Plaintiff reports that despite several requests, he has been unable to obtain such a statement. Although Plaintiff has not strictly complied with the statute, the Court will grant his motion to proceed *in forma pauperis*. The Court must nevertheless require payment of the entire filing fee in installments, in accordance with 28 U.S.C. § 1915(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). The civil action filing fee is $350.00 when leave to proceed *in forma pauperis* is granted. Any subsequent dismissal of Plaintiff's case, even if voluntary, does not negate Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Typically, Plaintiff would be required to pay a portion of the $350.00 fee as an initial partial filing fee. Absent a certified account statement, it is impossible to determine an appropriate initial partial filing fee. Accordingly, the Court will proceed as if Plaintiff had no funds in his account during the six-month period preceding the filing of the complaint. The Court will not require Plaintiff to pay an initial partial filing fee. *Id.* at 606 (citing 28 U.S.C. § 1915(b)(1)).

However, Plaintiff is not relieved from paying the $350.00 filing fee when funds become available. *Id.* Plaintiff must pay the $350.00 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of Plaintiff to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. *Id.*; *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *See Hampton*, 106 F.3d at 1284–85.

## III.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

Plaintiff makes no allegation against Defendant FDA. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendant FDA in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a

4

short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's

claim is frivolous and he fails to state a claim against Defendant FDA.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court

determines that Plaintiff's complaint will be dismissed as frivolous and for failure to state a claim

under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of

this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons, the Court concludes that

Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: July 11, 2022                                              /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE